(Reap. Dec. 10649)

FADEX COMMERCIAL CORPORATION ⎱ *v.* UNITED STATES
MAX STRAUSS ⎰

Entry Nos. 701755; 730644; 754970; 763203; 815598; 816844, 922897–X–1/2; 937334; 953981; 959716.

(Decided December 18, 1963)

*Lane, Young & Fox* for the plaintiffs.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the above appeal for reappraisement consists of automobiles and finished parts (Tempo Vehicles), as listed in Schedules A and B hereto attached and made a part of this stipulation, exported from Germany prior to February 27, 1958, except the merchandise covered by Entry 922897, which was exported from Germany subsequent to February 27, 1958.

That automobiles and finished parts thereof are identified in the Final List, published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that the said automobiles and parts covered by Entry 922897 were entered for consumption subsequent to February 27, 1958.

That on or about the dates of exportation, automobiles and parts, such or similar to those enumerated in said Schedules A and B, were not freely offered for sale or sold in the country of exportation for home consumption, or for exportation to the United States, nor were they freely offered for sale for domestic consumption in the United States, as defined in Section 402(c), (d) and (e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (T.D. 49646), or in Section 402a (c), (d) and (e) of said Act as amended by the Customs Simplification Act of 1956 (T.D. 54521).

IT IS FURTHER STIPULATED AND AGREED that said merchandise was appraised on the basis of cost of production, as defined in Section 402(f) or in Section 402a(f) of the said Tariff Act, as above amended, and that said bases of appraisement are not contested by either party.

IT IS FURTHER STIPULATED AND AGREED that the cost of materials of, and of fabrication, etc., and the usual general expenses, and the cost of all containers, and an addition for profit, as contemplated by said Section 402(f) or Section 402a(f), *supra*, is as stated in said Schedule A for the articles therein enumerated, and as stated in said Schedule B for the articles therein enumerated. The articles enumerated in said Schedule B as Bus or Buses, Van or Vans, Truck or Trucks, Lowloader or Highloader cover said articles whether invoiced with or without other descriptive or qualifying words or numerals.

IT IS FURTHER STIPULATED AND AGREED that as to all articles invoiced which are not enumerated in said Schedules A or B, the appeal for reappraisement is hereby abandoned.

IT IS FURTHER STIPULATED AND AGREED that the above appeal may be deemed to be submitted for decision upon this stipulation.

Upon the agreed facts, I find cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, or in section 402a(f) of said tariff act, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the automobiles and finished parts covered by the instant appeal for reappraisement, and that such values were as indicated in schedules A and B, attached to this decision and made a part thereof, it being understood that the articles, enumerated in said schedule B as "Bus or Buses, Van or Vans, Truck or Trucks, Lowloader or Highloader," cover said articles whether invoiced with or without other descriptive or qualifying words or numerals.

In all other respects and as to all other merchandise, the said appeal for reappraisement, having been abandoned, is hereby dismissed.

Judgment will be entered accordingly.